**Affirmed and Memorandum Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00147-CV

### JOE BROCK RAMEY, Appellant

### V.

### FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee

**On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 13-CCV-051957**

## M E M O R A N D U M   O P I N I O N

Joe Brock Ramey brings this pro se appeal from a judgment of possession favoring Federal Home Loan Mortgage Corporation ("Freddie Mac") in a forcible detainer action. In three issues, Ramey contends that (1) he did not receive proper notification of the evidence to be presented by Freddie Mac, (2) the trial court erred in failing to ascertain whether Ramey had sufficient opportunity to examine the evidence and whether he understood the evidence, and (3) Freddie Mac's

evidence was flawed. We affirm.

## *Background*

Freddie Mac filed its forcible detainer action in justice court, seeking possession of the property located at 11810 Scottsdale Court, Stafford, Texas. After the justice court ruled in Freddie Mac's favor, Ramey filed an appeal with the county court at law, which considered the claims de novo. Ramey represented himself throughout the proceedings. The county court judge began the brief hearing on the matter by stating that Ramey was an occupant of the property. The judge further stated that after having been sworn in as a witness, Ramey informed the court that the other identified occupant, Andrew Demers, no longer lived at the property. The judge further stated that "[a]fter some medical issues [Ramey] has been trying to get out of the house, and . . . he has come to an agreement with [Freddie Mac's counsel] that he's going to get about a week and a half with a vacate date of February 14th."

Freddie Mac's counsel then tendered three documents to the court. When the judge asked if the documents had been tendered previously, Ramey responded, "I have my copies." The judge then said, "All right. So, no objection to those exhibits?" and Ramey responded, "No." Counsel next explained each of the documents, and the trial judge admitted them into evidence. Counsel requested the judge enter a judgment of possession based on the three documents, and the judge announced judgment for Freddie Mac and signed the judgment of possession giving Ramey until February 14, 2014 to vacate the property. Ramey did not make any further statements during the hearing.

The three documents admitted into evidence included (1) a substitute trustee's deed, demonstrating that a foreclosure sale occurred and that the subject property was conveyed to Freddie Mac; (2) a deed of trust, signed by Ramey and

2

Demers and including provisions that in the event of a foreclosure sale, the borrowers, or any person holding possession through them, would be required to surrender possession, and if possession is not surrendered, the occupant would become a tenant at sufferance subject to removal by a writ of possession; and (3) a business records affidavit attaching a notice to vacate addressed to Demers "and/or all occupants."

## *Discussion*

In his first two issues, Ramey contends that he did not receive proper notification of the evidence to be presented by Freddie Mac and did not have sufficient time to review the evidence and that the trial court erred in not sua sponte making inquiries regarding when Ramey received the evidence and whether he understood it. In making his arguments, Ramey relies heavily on the fact that he was representing himself in the proceedings. He acknowledges that the county court judge may not have been aware of when Ramey first received the documents but insists the judge should have made inquiries to ascertain the facts.

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *White v. Zhou Pei*, 452 S.W.3d 527, 544 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The record does not demonstrate that Ramey made any request, objection, or motion in the trial court regarding the evidence about which he now complains on appeal. Indeed, when the trial court asked if he had any objection to the documents admittance into evidence, he said, "No."

The fact that he was representing himself in the proceedings does not excuse Ramey's failure to preserve his complaint. Pro se litigants are held to the same

3

standards as licensed attorneys and are not relieved of preservation-of-error requirements. *See, e.g., Hampton v. Nguyen*, No. 01-10-00473-CV, 2011 WL 3240681, at *3 (Tex. App.—Houston [1st Dist.] July 28, 2011, no pet.) (mem. op.); *Jackson v. Jackson*, No. 14-07-00917-CV, 2009 WL 1124354, at *2 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (mem. op.). Ramey does not cite any authority, and we are aware of none, that would have required the trial judge to make inquiries regarding Ramey's knowledge and understanding of the evidence under the circumstances presented. Accordingly, we overrule his first two issues.

In issue three, Ramey asserts that Freddie Mac presented "flawed [e]vidence" because it offered only the original deed of trust from 2006 and not the modified deed of trust that he signed when Demers entered a loan modification in 2010. The record on appeal, however, does not contain any mention of a modified deed of trust. Our review is generally limited to the record of the proceedings in the trial court. *See, e.g., Perry v. Del Rio*, 66 S.W.3d 239, 259 (Tex. 2001) ("[I]t is well-settled in Texas that an appellate court's review is confined to the record in the trial court when the trial court acted."); *Carlisle v. Philip Morris*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) ("It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record."). Because the record before us does not provide any support for Ramey's contention in his third issue, we overrule that issue.

We affirm the trial court's judgment.

/s/     Martha Hill Jamison
          Justice


Panel consists of Justices Jamison, Busby, and Brown.

4